UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**VONERIC GONDER**                                                                                         **PLAINTIFF**

**V.**                          **CASE NO. 2:20-CV-00124-BD**

**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

**ORDER**

**I.**     **Introduction:**

On October 11, 2017, VonEric Gonder applied for disability income benefits, alleging disability beginning on February 9, 2017. (Tr. at 11) Mr. Gonder's claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, an Administrative Law Judge (ALJ) denied Mr. Gonder's application. (Tr. at 22) Mr. Gonder asked the Appeals Council to review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the Commissioner's final decision. Mr. Gonder filed this case seeking judicial review of the decision denying benefits.[1]

**II.**     **The Commissioner's Decision:**

The ALJ found that Mr. Gonder had not engaged in substantial gainful activity since the alleged onset date of February 9, 2017. (Tr. at 13) At step two of the five-step analysis, the ALJ found that Mr. Gonder had the following severe impairments: diabetes

---

[1] The parties consented to proceed before a magistrate judge. (Doc. No. 4)

with neuropathy, residuals of right carpal tunnel syndrome surgery, peripheral edema, chronic pain syndrome, hypertension, and obesity. *Id*.

After finding that Mr. Gonder's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Mr. Gonder had the residual functional capacity (RFC) to perform work at the sedentary exertional level with limitations. *Id*. He could occasionally climb ramps and stairs; and he could occasionally balance, stoop, kneel, crouch, and crawl. *Id*. He could frequently handle and finger and occasionally push and pull with the lower extremities. *Id*. He would need a sit/stand option every 30 minutes for a position change and would require a cane for ambulating. *Id*. He was limited to unskilled work. *Id*.

Based on Mr. Gonder's RFC and testimony from the Vocational Expert (VE), the ALJ determined that Mr. Gonder was unable to perform any of his past relevant work. (Tr. at 20) Relying upon the testimony of the VE, the ALJ found, based on Mr. Gonder's age, education, work experience and RFC, that he was capable of performing work in the national economy as addresser and printed circuit board assembler. (Tr. at 22) Thus, the ALJ determined that Mr. Gonder was not disabled. *Id*.

**III.   Discussion:**

    A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole.

*Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). In other words, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Mr. Gonder's Arguments on Appeal

Mr. Gonder maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He raises five arguments in this appeal: (1) his attorney did not properly dispatch his duties at the hearing; (2) the ALJ did not consider Mr. Gonder's impairments in combination; (3) the ALJ did not properly evaluate subjective complaints; (4) the ALJ did not properly evaluate medical opinions; and (5) the VE testimony at step five was unsupported.

Mr. Gonder had carpal tunnel surgery on his right wrist in 2017. A few months after surgery, his surgeon noted that wrist symptoms had improved. (Tr. at 426) Mr. Gonder also complained of general pain and neuropathy in his legs. His musculoskeletal examinations were generally normal and showed a good range of motion and negative straight-leg raises. (Tr. at 393-439, 559) Mr. Gonder reported that gabapentin, pain management, and a compression stocking helped with his pain. (Tr. at 409, 551-553) Jesse Bone, an APRN who treated Mr. Gonder, recommended that he improve his diet,

3

exercise, and quit smoking. (Tr. at 393, 397, 539-553) Mr. Bone did not place any restrictions on Mr. Gonder's activities, and he treated him conservatively with medication management. On January 23, 2018, Mr. Gonder told Mr. Bone that he was doing well. (Tr. at 422) In fact, Mr. Gonder reported that his hypertension and diabetes were well-controlled. (Tr. at 56, 422-426, 553)

Mr. Gonder met with a licensed social worker one time for depression and anxiety. She diagnosed generalized anxiety disorder, post-traumatic stress disorder (PTSD), and depression, but with only mild symptoms. (Tr. at 532-539) She also noted that Mr. Gonder presented as calm and cooperative, although tearful at times. *Id.* Although Mr. Gonder testified that he was seeing a counselor once a month, there is no record of that treatment. (Tr. at 56) He conceded in July of 2018 that he had never taken psychiatric medications and had not attended counseling services. (Tr. at 752-755) Overall, the record reveals mild mental health conditions that responded well to treatment.[2]

Mr. Gonder asserts that his attorney met with him only the night before the hearing and was unprepared for the hearing before the ALJ. The appointment of representative form is dated the same day as the hearing, which indicates that Mr. Gonder was slow to hire counsel. His attorney cannot be faulted for that. (Tr. at 191-193) Also, Mr. Gonder complains that his attorney did not bring up mental impairments at the hearing. This is not true. Both the attorney and the ALJ asked Mr. Gonder about anxiety

---

[2] The record contained many duplicate medical records.

and depression. (Tr. at 56-60). The ALJ found, however, that mental impairments were not severe, and that finding is supported by the lack of mental health treatment records. Moreover, a claimant has the burden of proving his disability; that burden is neither the attorney's nor the ALJ's. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994)

Mr. Gonder also contends that the ALJ did not fairly consider all of his impairments in combination. On the contrary, the ALJ discussed all of the conditions depicted in the record throughout the decision. Moreover, a diagnosis alone does not imply disability; there must be a functional loss establishing an inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). The ALJ made grounded findings on severity of impairments at step two. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994)(ALJ properly considered the combined effects of impairments when the ALJ noted that the evidence as a whole did not show claimant's symptoms would preclude all work).

Next, Mr. Gonder claims that the ALJ did not properly analyze his subjective complaints. When evaluating a claimant's subjective complaints of pain, an ALJ must consider a number of factors: objective medical evidence; work history; daily activities; the duration, frequency, and intensity of the pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; and the functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor; and he may decline to credit a claimant's subjective

complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

The ALJ discussed the nature of Mr. Gonder's pain, his conservative treatment, and medications and their side effects. (Tr. at 14-20) She thoroughly questioned Mr. Gonder about his work history at the hearing. (Tr. at 40-52) She noted that Mr. Gonder was able to cook simple meals, shop in stores, manage finances, visit with family, do laundry, and drive. (Tr. at 14-20, 258-262) These daily activities undermine claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The ALJ properly characterized Mr. Gonder's subjective complaints.

Mr. Gonder argues that the ALJ should have afforded more weight to two short medical-source statements from Mr. Bone, who saw Mr. Gonder over the relevant time period. Mr. Bone indicated on the cursory checkbox forms that Mr. Gonder could not perform even sedentary work. (Tr. at 31-38, 391) He did not elaborate or cite to any parts of the medical record. *Id*. Moreover, as noted, Mr. Bone treated Mr. Gonder conservatively and noted positive response to medication. Mental status exams and depression screenings were normal. Straight-leg raises were negative. Mr. Bone urged Mr. Gonder, on many visits, to embrace a better diet, to exercise more, and to quit smoking. A medical provider's recommendation for more exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524

(8th Cir. 2009). The ALJ properly discounted Mr. Bone's statements because they were inconsistent with the record as a whole.[3]

Finally, Mr. Gonder claims that the hypothetical posed to the VE did not fully incorporate all of his limitations. The hypothetical was consistent with the credible limitations supported by the medical records, and it corresponded to the RFC. (Tr. at 62-64) The ALJ fully explained the limitations the record as a whole would support, and she appropriately discounted the portions of the record that were inconsistent. The hypothetical was tailored to Mr. Gonder's actual impairments and abilities.

## IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. Mr. Gonder's legal representation was adequate; the ALJ properly considered the medical opinions and the subjective complaints; and the ALJ did not err at step five. The finding that Mr. Gonder was not disabled within the meaning of the Social Security Act must be, and hereby is, AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED, this 15th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The ALJ also discussed the reviewing medical expert opinions, which suggested an RFC for light work. (Tr. at 20) He found these less than persuasive and assigned an RFC for sedentary work, clearly giving credence to Mr. Gonder's allegations of pain.